IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 5:09-cv-00387<br>) |
| v. | ) COMPLAINT<br>) |
| LUIHN FOOD SYSTEMS, INC., | )<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to those employees who were adversely affected by such practices. The Commission alleges that Defendant Luihn Food Systems, Inc. discriminated against Tina Underwood, Sheila Mungin, Sabih Sheridan, Barbara Nowlin, and other similarly situated female employees by subjecting them to sexual harassment that created a sexually hostile work environment because of their sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and initiated pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Luihn Food Systems, Inc. ("Defendant) is a North Carolina corporation with its principal place of business in Morrisville, North Carolina. At all relevant times, Defendant has continuously been doing business in Raleigh, North Carolina and has continuously had at least fifteen (15) employees. Defendant is a franchisee of Kentucky Fried Chicken and operates a chain of Kentucky Fried Chicken restaurants, including a restaurant on Duraleigh Road in Raleigh, North Carolina.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tina Underwood, Sheila Mungin, Sabih Sheridan and Barbara Nowlin filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the filing of this lawsuit have been fulfilled.

7. Since at least February 2007, Defendant has engaged in unlawful employment practices at its facility on Duraleigh Road in Raleigh, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

    a. From around February 2007 until around July 2007, Tina Underwood,

while working at the facility on Duraleigh Road, was subjected to unwelcome sexual conduct by a male coworker because of her sex, female. The conduct included, among other things, the touching and grabbing of Ms. Underwood's breasts and buttocks on several different occasions and the touching of Ms. Underwood's vagina on at least one occasion. The male coworker brushed his hand and his pelvis against Ms. Underwood's buttocks, brushed his hand along Ms. Underwood's breasts, and took a Coca-Cola® bottle and motioned to Ms. Underwood as though he were masturbating with it. The unwelcome sexual conduct was severe or pervasive in that it involved the repeated physical touching of Ms. Underwood, including the touching of her genitalia. The conduct occurred approximately two or three times per week, which was almost every time that Ms. Underwood worked with the male employee. Ms. Underwood was also told by other female employees that they had experienced unwelcome touching by the male coworker. Ms. Underwood complained about the harassment to one or more of her supervisors, but the harassment continued.

b. From around October 2007 until around February 2008, Sabih Sheridan, while working at the facility on Duraleigh Road, was subjected to unwelcome sexual conduct by a male coworker because of her sex, female. The conduct included, among other things, the unwelcome touching and grabbing of Ms. Sheridan's breasts and buttocks on several different occasions. The male coworker repeatedly touched Ms. Sheridan's breasts despite Ms. Sheridan's protests. He also grabbed and squeezed Ms. Sheridan's buttocks. The unwelcome sexual conduct was severe or pervasive in that it involved the

repeated physical touching of Ms. Sheridan. In addition, Ms. Sheridan was told by other female employees that they had also experienced unwelcome touching by the male coworker. Ms. Sheridan complained about the harassment to one or more of her supervisors, but the harassment continued.

c.     From around March 2007 until around January 2008, Barbara Nowlin, while working at the facility on Duraleigh Road, was subjected to unwelcome sexual conduct by a male coworker because of her sex, female. The conduct included, among other things, the unwelcome touching and grabbing of Ms. Nowlin's breasts and buttocks on several different occasions. The male coworker repeatedly brushed up against Ms. Nowlin's breasts, tapped Ms. Nowlin's buttocks with his hand and, on one occasion, swatted Ms. Nowlin's buttocks with a spatula. In addition, the male coworker entered the women's bathroom while Ms. Nowlin was in the bathroom stall with her pants down, stared at her and laughed. Following this incident, the male coworker made gestures to Ms. Nowlin indicating that he had seen her vagina. The unwelcome sexual conduct was severe or pervasive in that it involved the repeated physical touching of Ms. Nowlin. The conduct occurred approximately three to four times per week, which was almost every time that Ms. Nowlin worked with the male coworker. In addition, Ms. Nowlin was told by other female employees that they had also experienced unwelcome touching by the male coworker. Ms. Nowlin complained about the harassment to one or more of her supervisors, but the harassment continued.

d.     From around October 2007 until around January 2008, Sheila Mungin,

while working at the facility on Duraleigh Road, was subjected to unwelcome sexual conduct by a male coworker because of her sex, female. The conduct included, among other things, the unwelcome touching of Ms. Mungin's breasts by the male coworker. The male coworker also walked into the women's bathroom while Ms. Mungin was in the bathroom. The unwelcome sexual conduct was severe or pervasive in that it involved the physical touching of Ms. Mungin. In addition, Ms. Mungin was told by other female employees that they had also experienced unwelcome touching by the male coworker. Ms. Mungin complained about the harassment to one or more of her supervisors, but the harassment continued.

8. Although Defendant received a number of complaints about the sexually hostile work environment that existed for its female employees at its Duraleigh Road facility during the relevant time period, and Defendant otherwise knew or should have known about the sexually hostile work environment, Defendant failed to take action to stop the harassment. As a result of Defendant's failure to act, the sexual harassment continued to occur and other similarly situated female employees were also sexually harassed.

9. The effect of the practices complained of above has been to deprive Tina Underwood, Sheila Mungin, Sabih Sheridan, Barbara Nowlin, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Tina Underwood, Sheila

Mungin, Sabih Sheridan, Barbara Nowlin, and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment or any other employment practice that discriminates on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Tina Underwood, Sheila Mungin, Sabih Sheridan, Barbara Nowlin, and other similarly situated female employees whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

D.     Order Defendant to make Tina Underwood, Sheila Mungin, Sabih Sheridan, Barbara Nowlin, and other similarly situated female employees whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, in amounts to be determined at trial.

E.     Order Defendant to pay Tina Underwood, Sheila Mungin, Sabih Sheridan, Barbara Nowlin and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.     Grant such other and further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission the costs of this action.

Respectfully submitted, this the 20th day of August, 2009.

> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISION
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> 131 M Street, N.E.
> 4th Floor, Suite 4NE25N
> Washington, DC 20507
>
> /s/ Lynette A. Barnes
> LYNETTE A. BARNES
> Regional Attorney
> Charlotte District Office
> 129 W. Trade Street, Suite 400
> Charlotte, NC 28202
>
> TRACY HUDSON SPICER
> Supervisory Trial Attorney
> Washington Field Office
> 131 M Street, N.E., Suite 4NWO2F
> Washington, DC 20507
>
> /s/ Katherine A. Soles
> KATHERINE A. SOLES
> Trial Attorney
> Raleigh Area Office
> 1309 Annapolis Drive
> Raleigh, NC 27608
> katherine.soles@eeoc.gov
> Phone: (919) 856-4148
> Fax: (919) 856-4156
> N.C. State Bar No. 36393