IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-387-D

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | **ORDER** |
| TINA UNDERWOOD, SABIH SHERIDAN and SHEILA MUNGIN, | ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) ) | |
| v. | ) ) | |
| LUIHN FOOD SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

This employment discrimination case comes before the court on four motions: (1) the motion by plaintiff Equal Employment Opportunity Commission ("plaintiff" or "EEOC") (D.E. 22) to quash the subpoena issued by defendant Luihn Food Systems, Inc. ("defendant") to EEOC investigator Evelyn H. Lewis ("Lewis") for a deposition and for a protective order barring such a deposition, pursuant to Rules 45(c) and 26(c) of the Federal Rules of Civil Procedure,[1] respectively ("motion to quash"); (2) plaintiff's motion (D.E. 24) for a protective order barring the Rule 30(b)(6) deposition of plaintiff noticed by defendant, pursuant to Rule 26(c) ("motion for a protective order"); (3) plaintiff's motion (D.E. 31) to amend its preceding motion for a protective order to include the

---

[1] Although certain of the pending motions were brought before the 1 December 2010 revision of the Federal Rules of Civil Procedure, the court is relying on the revised provisions in its consideration of the motions. *See* Order Amending Fed. R. Civ. P. (U.S. 28 Apr. 2010) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced *and, insofar as just and practicable, all proceedings then pending.*" (emphasis added)). None of the revisions involved is substantive.

declaration (D.E. 31-1) of Thomas M. Colclough ("Colclough") as Director of plaintiff's Raleigh Area Office; and (4) defendant's motion (D.E. 35) to compel plaintiff to respond fully to certain interrogatories and requests for production of documents, pursuant to Rule 37(a)(3)(B)(iii), (iv). All the motions were referred to the undersigned for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* D.E. 26, 32, 39).

Plaintiff's motion to amend is uncontested, good cause exists for the relief sought, and it is therefore ALLOWED. The remaining motions are contested and have been fully briefed.[2] For the reasons and on the terms set forth below, plaintiff's motions to quash the deposition subpoena for Lewis and for a protective order barring the Rule 30(b)(6) deposition will be denied and defendant's motion to compel will be allowed in part and denied in part.

## BACKGROUND

Plaintiff filed the initial complaint (D.E. 1) in this action on 28 August 2009. On 29 September 2009, it filed an amended complaint (D.E. 4). In the amended complaint, plaintiff alleges that since at least February 2007 defendant, a Kentucky Fried Chicken franchisee, has discriminated against Tina Underwood ("Underwood"), Sheila Mungin ("Mungin"), Sabih Sheridan ("Sheridan"), Barabara Nowlin ("Nowlin") (collectively, "original charging parties"), and other similarly situated female employees by subjecting them to sexual harassment that created a sexually hostile work environment because of their sex, in violation of Title VII of the Civil Rights Act of 1964, as

---

[2] Plaintiff filed a memorandum (D.E. 27) in support of its motion to quash regarding the Lewis deposition and defendant a memorandum (D.E. 30) in opposition, both accompanied by exhibits. Plaintiff filed a memorandum (DE. 24) in support of its motion for a protective order regarding the Rule 30(b)(6) deposition and defendant a memorandum (D.E. 28) in opposition, the latter accompanied by exhibits. In support of its motion to compel, which was accompanied by exhibits, defendant filed a memorandum (D.E. 36). Plaintiff filed a memorandum (D.E. 37) in opposition accompanied by exhibits.

2

amended, 42 U.S.C. §§ 2000e, *et seq.* On 23 October 2009, defendant filed an answer (D.E. 5) denying any wrongdoing.

On 25 May 2010, Underwood, Mungin, and Sheridan filed an intervenor complaint (D.E. 18) with leave of court (D.E. 16). Defendant filed an answer (D.E. 19) to the intervenor complaint denying any wrongdoing.

On 21 July 2010, defendant served a notice for the deposition of Lewis (D.E. 27-1 at pp. 4-6) and issued a related subpoena (*id.* at pp. 1-3). The notice stated that the intended subject of the deposition was "factual information which supports or rebuts [plaintiff's] allegations contained in the Amended Complaint, factual information which supports or rebuts the relief sought by [plaintiff], as well as the investigative notes memorializing witness interviews." (Lewis Dep. Notice 1-2).

On the same date, defendant served a notice (D.E. 28-1) of a Rule 30(b)(6) deposition of plaintiff. The designated topic for the deposition was factual information regarding plaintiff's interview notes of Carria Williams ("Williams"), a general manager for defendant, and Mungin, which were attached to the notice. (*See* Rule 30(b)(6) Dep. Notice 1-9).

Plaintiff filed the motion to quash in response to the Lewis deposition notice and subpoena. It filed the motion for a protective order in response to the Rule 30(b)(6) notice.

In the meantime, defendant had served on plaintiff and by 23 August 2010 had received plaintiff's responses (*see* D.E. 36-3 to -6) to two sets of interrogatories and requests for production of documents (at times, "RFP"). Defendant found a number of plaintiff's responses incomplete. Although the parties were able to resolve some of their differences, they could not resolve them all. As a consequence, defendant filed its motion to compel.

3

amended, 42 U.S.C. §§ 2000e, *et seq.* On 23 October 2009, defendant filed an answer (D.E. 5) denying any wrongdoing.

On 25 May 2010, Underwood, Mungin, and Sheridan filed an intervenor complaint (D.E. 18) with leave of court (D.E. 16). Defendant filed an answer (D.E. 19) to the intervenor complaint denying any wrongdoing.

On 21 July 2010, defendant served a notice for the deposition of Lewis (D.E. 27-1 at pp. 4-6) and issued a related subpoena (*id.* at pp. 1-3). The notice stated that the intended subject of the deposition was "factual information which supports or rebuts [plaintiff's] allegations contained in the Amended Complaint, factual information which supports or rebuts the relief sought by [plaintiff], as well as the investigative notes memorializing witness interviews." (Lewis Dep. Notice 1-2).

On the same date, defendant served a notice (D.E. 28-1) of a Rule 30(b)(6) deposition of plaintiff. The designated topic for the deposition was factual information regarding plaintiff's interview notes of Carria Williams ("Williams"), a general manager for defendant, and Mungin, which were attached to the notice. (*See* Rule 30(b)(6) Dep. Notice 1-9).

Plaintiff filed the motion to quash in response to the Lewis deposition notice and subpoena. It filed the motion for a protective order in response to the Rule 30(b)(6) notice.

In the meantime, defendant had served on plaintiff and by 23 August 2010 had received plaintiff's responses (*see* D.E. 36-3 to -6) to two sets of interrogatories and requests for production of documents (at times, "RFP"). Defendant found a number of plaintiff's responses incomplete. Although the parties were able to resolve some of their differences, they could not resolve them all. As a consequence, defendant filed its motion to compel.

# DISCUSSION

## I. APPLICABLE STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows for a broad scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id.* Moreover, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The courts have held that the rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also* Fed. R. Evid. 401. The district court has broad discretion in the determination of relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

The court is also authorized to impose appropriate limitations on discovery. Rule 45 provides that on timely motion the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). Similarly, Rule 26 provides that the "court may,

for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

Conversely, Rule 37 allows the court to compel a party to respond to discovery requests. Specifically, the rule permits the court, on motion, to compel a party to provide complete answers to interrogatories and complete responses to requests for production. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv), (4).

## II. PLAINTIFF'S MOTIONS TO QUASH (D.E. 22) AND FOR A PROTECTIVE ORDER (D.E. 24)

The Federal Civil Rules provide broadly that "[a] party may, by oral questions, depose any person, including a party, without leave of court" except on grounds not relevant here. Fed. R. Civ. P. 30(a)(1). They specifically authorize the taking of the deposition of a governmental agency. *Id.* 30(b)(6). Plaintiff contends that notwithstanding a party's right to take depositions, the court should bar the deposition of Lewis and the Rule 30(b)(6) deposition of plaintiff. Review of each of the grounds advanced by plaintiff show that they are without merit.

For example, plaintiff argues that the depositions should be barred because the information sought is purportedly available from other sources. But the availability of information from other sources does not by itself insulate the targeted source from discovery. *See Tri-State Hosp. Supply*

5

Case 5:09-cv-00387-D   Document 41   Filed 02/11/11   Page 5 of 14

*Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) ("By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery."). And it is the party seeking discovery, not the party or other person that is the object of it that determines the sequence and types of discovery devices used. *See* Fed. R. Civ. P. 26(d)(2).

Plaintiff makes the related argument that the only information its personnel could provide would not be disclosable factual information, but rather information about the conduct of plaintiff's investigation and its decision to issue findings of discrimination that is protected from disclosure by the deliberative process privilege. To support this argument, it has submitted a declaration of Lewis stating that she has "no independent recollection" of the interviews she conducted during her investigation into this case. (Lewis Dec. (D.E. 27-2) 1 ¶ 5). Plaintiff also submitted, as indicated, a declaration by Colclough, who admits to having interviewed Mungin and Williams. (Colclough Dec.2 ¶ 5). He, too, states that he has "no independent recollection" of his interviews of either person. (*Id.* 2 ¶¶ 7, 10).

Defendant, though, is entitled to test for itself the recollections of Lewis and Colclough or such other person that would testify for plaintiff at the Rule 30(b)(6) deposition. It does not have to take a prospective deponent's word for it that he or she has no recollection, particularly in the absence of any efforts by defendant to refresh it.

Plaintiff also argues that even if its personnel did have factual information about the interviews they conducted, it would be inadmissible hearsay. But, as indicated, Rule 26(b)(1) provides expressly that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, the plaintiff-intervenors are, by virtue of their intervention, parties. The

statements any of them made to their interviewers would be admissible against them as statements of a party-opponent. *See* Fed. R. Evid. 801(d)(2). One matter, among others, that the depositions sought by defendant could help elucidate is the credibility of the original charging parties and the other purported victims of the alleged discrimination at issue.

A specific instance where credibility is in issue relates to the statement in the interview notes that Mungin does not believe that Sheridan or Nowlin were harassed. (*See* Mungin Interview Notes (D.E. 29-1)). At her deposition, Mungin denied making this statement. (*See* Mungin Dep. (D.E. 29-5) 138-39). The Rule 30(b)(6) deposition of plaintiff could shed light on this matter.

Plaintiff further contends that its disclosure of its investigative file exhausts the discoverable information it has. As the preceding discussion indicates, however, plaintiff's personnel may have discoverable information not accurately reflected or reflected at all in the investigative file. Defendant can test through depositions the accuracy and completeness of the information provided it from plaintiff's investigative file. *See, e.g., EEOC v. Albertson's LLC*, Civ. Act. No. 06-cv-01273-WYD-BNB, 2007 WL 1299194, at *1 (D. Col. 1 May 2007).

Plaintiff advances the additional argument that given the fecklessness of the depositions defendant seeks, the burden they would impose on plaintiff's personnel cannot be justified. For the reasons discussed, the depositions are not pointless, but appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not shown that they would impose any undue burden on it. Rather, to bar the depositions would unjustifiably deprive defendant of discovery to which it has shown it is entitled. *See EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 398 (E.D. Cal. 2009) ("When the government [*i.e.*, the EEOC] seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over."); *see also*

7

*EEOC v. Greater Metroplex Interiors, Inc.*, No. 3-08-CV-1362-P, 2009 WL 412934, at *5 (N.D. Tex. 17 Feb. 2009) ("[D]efendant is entitled to fully examine the investigator at a deposition.").

Although plaintiff emphasizes the protections afforded it by the deliberative process privilege, it concedes that the privilege does not prevent the taking of the depositions noticed by defendant or the disclosure of purely factual information. (*See* Plf.'s Mem. re Quash Mot. 5-6). Defendant has assured plaintiff that it does not seek privileged information. In any event, questions made at a deposition that plaintiff believes invade the privilege can appropriately be addressed by the assertion of objections. *See EEOC v. Lifecare Mgmt. Servs., LLC*, No. 02:08-cv-1358, 2009 WL 772834, at *2 (W.D. Pa. 17 Mar. 2009); *Turner v. Kansas City Southern Railway Company, Inc.*, Civ. Act. Nos. 03-2742, 05-2668, 2009 WL 651766, at *6-7 (E.D. La. 11 Mar. 2009).

For this and the other reasons stated, defendant is entitled to conduct the deposition of Lewis and a Rule 30(b)(6) deposition of plaintiff. Plaintiff's motions for relief from the depositions will accordingly be denied.

## III. DEFENDANT'S MOTION TO COMPEL (D.E. 35)

By its motion, defendant seeks an order compelling complete responses by plaintiff to the following discovery requests: interrogatory no. 4 in defendant's first set of interrogatories to putative class member Pamela Johnson ("Johnson"); interrogatory no. 13 in defendant's first set of interrogatories to plaintiff regarding each of the original charging parties, that is, Mungin, Underwood, Nowlin, and Sheridan; interrogatory no. 20 in defendant's second set of interrogatories to plaintiff regarding Nowlin and Underwood; and RFP nos. 1 to 7 in defendant's second set of requests for production to plaintiff. Each of these discovery requests will be discussed below, grouped by subject matter.

8

A.  **Criminal History of Johnson and Original Charging Parties (Int. nos. 4 and 13; RFP no. 4)[3]**

Interrogatories no. 4 (D.E. 36-3 at 2) and 13 (*id.* at 5, 7, 9, 11) seek for Johnson and the original charging parties, respectively, information regarding all convictions, criminal charges, or arrests for any felonies or misdemeanors, including the nature of the charges involved, jurisdiction, date incurred, outcome, and current status. RFP no. 4 (D.E. 36-6 at 3) seeks all documents that relate to assault charges or criminal convictions of Nowlin.

In response to the interrogatories, plaintiff asserted objections based on overbreadth and relevancy; said that, subject to these objections, it was providing the requested information only to the extent that it fell within the scope of Fed. R. Evid. 609; and stated as to each of the persons inquired about that she had represented to plaintiff that she had not been convicted of any crime within the scope of Rule 609. In response to the request for production, plaintiff asserted overbreadth, undue burden, and relevancy objections; said that, subject to these objections, it had no responsive documents in its possession; stated that if it did have any such documents, it would produce them only to the extent they fell within the scope of Rule 609; and noted that Nowlin had represented to plaintiff that she had not been convicted of any crime within the scope of Rule 609.

The court finds that plaintiff's objections to the interrogatories are unfounded. The request for information on criminal histories is reasonably calculated to lead to discovery of admissible evidence. Plaintiff's reliance on Rule 609 to limit its answers is unfounded. The information sought extends beyond evidence of convictions potentially admissible under Rule 609 and includes information potentially admissible under Fed. R. Evid. 404(b), relating to evidence of crimes,

---

[3] Because the numbers of discovery requests at issue do not overlap, the court dispenses with continuously identifying in which particular set of requests each appears.

9

wrongs, or acts offered as proof of motive, intent, and other facts excluding the character of a person to show action in conformity therewith. The interrogatories could lead to the discovery of other admissible evidence as well.

To the extent that the information requested is potentially subject to Rule 609, plaintiff cannot properly arrogate onto itself the application of that rule to the requested information. Plaintiff's position is particularly inappropriate given the numerous judgments involved in applying the rule, including the determinations: whether a crime was punishable by imprisonment in excess of one year; whether the probative value of the conviction evidence is substantially outweighed by the danger of unfair prejudice and the other considerations specified by Fed. R. Evid. 403; whether it can readily be determined that establishing the elements of a crime required proof or admission of an act of dishonesty or false statement; and whether, for any conviction more than ten years old, in the interests of justice, the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 609(a), (b). In light of these considerations, plaintiff's naked statement to the effect that the charging parties lack any convictions within the scope of Rule 609 is virtually meaningless.

Plaintiff's argument that defendant can readily obtain the various charging parties' criminal records from other sources does not relieve it of the obligation to respond. As discussed previously, the nature of the discovery process is that the same information is often sought from more than one source. Moreover, plaintiff has not shown that any information it has regarding the various charging parties' criminal histories is also possessed by other sources available to defendant. For this and the other reasons discussed, the court will allow defendant's motion to compel as to interrogatories no. 4 and 13.

Based on the same considerations, the court finds that the documents sought by RFP no. 4 are properly discoverable. Plaintiff has not discharged its obligation to produce responsive documents by stating that "it has no such documents in its possession." (RFP no. 4). The reason is that, under Rule 34(a)(1), the request includes not only documents in plaintiff's possession, but also those within its custody or control. The court will accordingly allow the motion to compel with respect to RFP no. 4. If, as appears possible, plaintiff has no non-privileged responsive documents within either its possession, custody, or control, it may so state, and that response shall be sufficient (subject to any obligation to describe the nature of any documents withheld as privileged).

### B. Prior Employment History and EEOC Charges by Nowlin and Underwood (Int. no. 20; RFP nos. 1-3, 5-7).

Interrogatory no. 20 as to Nowlin (D.E. 36-4 at 2) seeks the last work address for her at Harris Teeter, contact information for her supervisor there and the person who informed her of her termination, and the EEOC number for her charge of discrimination against Harris Teeter. Interrogatory no. 20 as to Underwood (D.E. 36-5 at 2) seeks comparable information relating to her employment at Bojangles'. RFP nos. 1 to 3 (D.E. 36-6 at 2-3) seek all documents sent to or received from Nowlin regarding her EEOC charge against Harris Teeter, plaintiff's full investigative file regarding that EEOC charge, and all documents made by anyone other than Nowlin regarding her employment with Harris Teeter. RFP nos. 5 to 7 (*id.* at 4) seek comparable information for Underwood. Nowlin and Underwood had testified at their depositions about their prior employment with and filing of an EEOC charge against Harris Teeter and Bojangles', respectively. (*See* Nowlin Dep. (D.E. 37-2) 20-28; Underwood Dep. (D.E. 37-1) 20-21, 34). Plaintiff objects to these discovery

requests on the grounds, among others, that they seek information plaintiff is prohibited by law from disclosing.

Title VII expressly prohibits the EEOC from disclosing to a third party any information obtained during an EEOC investigation. *See* 42 U.S.C. §§ 2000e-5(b), 2000e-8(e); 29 C.F.R. §§ 1601.22, 1610.17(b), (c); *see also EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 603-04 (1981) (holding that § 2000e-5(b) and § 2000e-8(e) prohibit the disclosure of charges to a charging party brought by other employees of the charging party's employer); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986-87 (3d Cir. 1981) (upholding order requiring disclosure of EEOC investigative file to only charging party and her attorney); *EEOC v. Olsten Staffing Serv. Corp.*, 627 F. Supp. 2d 972, 975-76 (W.D. Wisc. 2009) (denying motion by defendant to compel production of documents related to investigation of charges by charging party against another employer).

The court finds that the information and documents sought by the instant requests come within the scope of the prohibition against disclosure. Several of the requests by their terms seek information or documents from plaintiff's investigatory files. The remaining information and documents, to the extent plaintiff has them, would appear necessarily to have come from their investigation of Nowlin's and Underwood's charges. Although defendant cites cases upholding the admissibility of the types of evidence it seeks by the discovery requests at issue, it has adduced no case law in which plaintiff has been ordered to produce the type of materials defendant seeks here. Defendant's motion will therefore be denied as to these requests.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1.	Plaintiff's motion to quash (D.E. 22), including the request for a protective order, is DENIED. Plaintiff shall make investigator Evelyn H. Lewis available for a deposition by defendant on the topics set out in defendant's notice of her deposition (D.E. 27-1 at pp. 4-5). The deposition shall be held no later than 11 March 2011 at the place noticed, unless the parties agree to a different location. Counsel shall confer in good faith regarding the scheduling of the deposition.

2.	Plaintiff's motion for a protective order (D.E. 24) is DENIED. Plaintiff shall make one or more persons available for a deposition by defendant, pursuant to Rule 30(b)(6), on the topics set out in defendant's Rule 30(b)(6) deposition notice (D.E. 28-1 at pp. 1, 3-9). The deposition shall be held no later than 11 March 2011 at the place noticed, unless the parties agree to a different location. Counsel shall confer in good faith regarding the scheduling of the deposition.

3.	Defendant's motion to compel (D.E. 35) is ALLOWED IN PART and DENIED IN PART on the following terms:

a.	Plaintiff shall serve on defendant no later than 25 February 2011 a complete answer to interrogatory no. 4 as to Johnson and interrogatory no. 13 as to Underwood, Mungin, Sheridan, and Nowlin, excluding any privileged information requested. The answer shall comply with the verification and signature requirements of the Federal Civil Rules.

b.	Plaintiff shall serve on defendant no later than 25 February 2011 copies of all non-privileged documents sought in RFP no. 4 as to Nowlin. Plaintiff shall serve with such documents a response to RFP no. 4 identifying by Bates number any documents produced. If there are no responsive documents, plaintiff shall serve by the specified date a response stating that to the best of defendant's knowledge, information, and belief formed after reasonable inquiry it has no non-

13

privileged responsive documents in its possession, custody, or control. *See* Fed. R. Civ. P. 26(g)(1), 34(a)(1). The response shall comply with the signature requirements of the Federal Civil Rules.

  c. Nothing in this Order shall relieve plaintiff of any obligation it has under Rule 26(b)(5) or otherwise to describe the nature of any information or documents it withholds on the grounds of privilege in responding to the discovery requests that are the subject of the preceding subparagraphs 3.a and 3.b.

  d. Plaintiff need not make further response to interrogatory no. 20 as to Nowlin and Underwood, or RFP nos. 1 to 3 as to Nowlin and 5 to 7 as to Underwood.

  4. Each party shall bear its own expenses incurred in connection with all the motions, the court finding that circumstances would make an award of expenses unjust. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5).

  SO ORDERED, this 11th day of February 2011.

James E. Gates
United States Magistrate Judge

14

Case 5:09-cv-00387-D   Document 41   Filed 02/11/11   Page 14 of 14