IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-387-D

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) | **ORDER** |
| | ) | |
| TINA UNDERWOOD, SABIH SHERIDAN, and SHEILA MUNGIN, | ) ) ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| v. | ) ) | |
| LUIHN FOOD SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

On August 28, 2009, the Equal Employment Opportunity Commission ("EEOC" or "plaintiff") filed suit on behalf of a group of aggrieved employees alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). On September 30, 2010, Luihn Food Systems, Inc. ("Luihn" or "defendant") filed a motion for summary judgment [D.E. 33]. On October 12, 2010, the EEOC responded in opposition [D.E. 37], and on November 4, 2010, Luihn replied [D.E. 40]. As explained below, Luihn's motion for summary judgment is denied.

I.

Luihn is a franchisee of Kentucky Fried Chicken restaurants operating in the Morrisville, North Carolina area. See Am. Compl. [D.E. 4] ¶ 4. One of Luihn's restaurants is located on Duraleigh Road in Raleigh, North Carolina. Id. On August 28, 2009, the EEOC filed suit alleging that Luihn had engaged in sexual harassment against four named female employees and a class of

"similarly situated female employees" in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). See Compl. [D.E. 1] ¶¶ 6–8; Am. Compl. ¶¶ 6–8. The EEOC alleged that the class of female employees had been subjected to a sexually hostile work environment at the Duraleigh Road restaurant through the actions of a male co-worker, Shibao Zhang. Am. Compl. ¶¶ 6–11. The amended complaint states that all four of the named employees filed charges with the EEOC describing Zhang's alleged conduct in the workplace. Id. ¶ 6. According to the amended complaint, each employee notified her supervisor of Zhang's behavior between 2007 and 2008, but Luihn took no action to address Zhang's behavior. Id. ¶ 8. Therefore, the EEOC asserts that Luihn knew or should have known about the harassing actions of Zhang, failed to take corrective action, and is liable for sexual harassment. Id. ¶¶ 8–11.

The EEOC filed its complaint and amended complaint pursuant to section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3). See Compl. ¶ 1; Am. Compl. ¶ 1. This provision enables the EEOC to bring a civil action against a private employer for actionable discrimination against an employee or a group of employees. See 42 U.S.C. § 2000e-5(f)(1); see also EEOC v. Gen. Elec. Co., 532 F.2d 359, 366–73 (4th Cir. 1976).

The amended complaint states that the EEOC is suing on behalf of the four named plaintiffs and a class of "other similarly situated female employees." Am. Compl. ¶¶ 6, 8. During discovery, the EEOC identified the "class" to include one additional employee, Pamela Johnson, who worked at Luihn's Duraleigh Road store from September 2006 through March 2008. According to the EEOC, Zhang sexually harassed Johnson in much the same way that he harassed the other four plaintiffs, Luihn was aware of his behavior, and Luihn did not take corrective action. The amended complaint does not include facts pertaining to Johnson's claim. Cf. Am. Compl. ¶¶ 7–10.

2

The EEOC admits that Johnson did not file a charge of discrimination with the EEOC, that it did not specifically investigate Zhang's conduct towards Johnson before filing suit, that it did not determine that there was reasonable cause to believe Johnson's allegations are true, and that it did not attempt to conciliate Johnson's claim. Def.'s Mem. Supp. Mot. Sum. J., Ex. H ("Plaintiff's Response to Request for Admissions") ¶¶ 8, 10, 13–14. The EEOC states that it failed to follow these administrative procedures for Johnson's claim because "there was insufficient evidence to include her as a class member" during the administrative phase of the dispute. Id. ¶¶ 8, 10. However, the EEOC notes that its allegations pertaining to Johnson were adequately investigated during the course of its investigation of the four filed charges. Id. ¶ 14.

On September 30, 2010, Luihn moved for summary judgment. In support of its motion, Luihn argues, in part, that this court lacks subject-matter jurisdiction over Johnson's claim because the EEOC failed to comply with the statutorily-required pre-suit procedures of a reasonable cause determination and conciliation. See Def.'s Mem. Supp. Mot. Sum. J. 11–12. On October 12, 2010, the EEOC responded in opposition to Luihn's motion, arguing that the EEOC's failure to investigate and attempt to conciliate the claims of all members of a class of aggrieved employees is not a jurisdictional bar to its bringing suit on behalf of a class, when the EEOC had adequately conducted the administrative proceeding concerning similarly situated employees. See Pl.'s Mem. Opp'n Mot. Sum. J. 26–30. The EEOC also contends that genuine issues of material fact exist as to the merits of each woman's sexual harassment claim and that the court should deny Luihn's motion for summary judgment.

II.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

3

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. After the moving party has met this burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A genuine dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Section 706 of Title VII provides the EEOC with an independent basis to bring suit on behalf of a class of aggrieved employees without meeting the requirements in Rule 23 of the Federal Rules of Civil Procedure. See, e.g., Gen. Tel. Co. v. EEOC, 446 U.S. 318, 323–32 (1980). However, Title VII includes its own prerequisites to an EEOC section 706 action, including that: (1) a harmed employee file a charge of discrimination with the EEOC; (2) the EEOC notify the employer of the charge; (3) the EEOC investigate the charge; (4) the EEOC determine whether there is reasonable cause to believe that the charge is true; and (5) that the EEOC make an effort at conciliation. See, e.g., Gen. Tel. Co., 446 U.S. at 323–32; Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 358–60 (1977); 42 U.S.C. § 2000e-5(b) and (f)(1). Failure to complete these pre-trial, administrative requirements is a jurisdictional bar to the EEOC's section 706 action. See, e.g., EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1185 (4th Cir. 1981).

Although an employee must file a charge for the EEOC to investigate, the EEOC's complaint in the section 706 action that results from the EEOC's investigation is not limited to the conduct stated in the charge. See, e.g., Gen. Tel. Co., 446 U.S. at 331; Gen. Elec., 532 F.2d at 365. Instead,

4

the EEOC may file a section 706 action concerning "new discrimination" not stated in a charge, so long as such discrimination "arises out of the reasonable investigation of the charge filed." Gen.Elec, 532 F.2d at 366. However, in 1976, the Fourth Circuit appeared to hold that the EEOC still must make a cause determination and attempt conciliation regarding any claim for which no charge is filed. Id.; accord EEOC v. Delight Wholesale Co., 973 F.2d 664, 668–69 (8th Cir. 1992).

Despite this apparent cause-and-conciliation requirement, the Fourth Circuit held in 1981 that the failure to identify all class members as part of a cause determination or the failure to conciliate every class member's claim does not divest the district court's jurisdiction over a section 706 action involving such a claim. See Am. Nat'l Bank, 652 F.2d at 1185–86. In American National Bank, the EEOC issued a cause determination in support of a charge that the employer-bank engaged in a pattern or practice of racially discriminatory hiring at its branch in Suffolk, Virginia. Id. at 1181. The EEOC's cause determination specifically limited its scope to hiring practices at the Suffolk branch, and included a footnote stating that information regarding hiring at another branch in Portsmouth, Virginia was "irrelevant." Id. The EEOC attempted conciliation, but was unsuccessful. Id. The EEOC then brought suit under section 706, alleging a pattern or practice of discrimination at the defendant's Suffolk and Portsmouth branches. Id. After a bench trial, the district court determined that it lacked jurisdiction over the claims pertaining to the Portsmouth branch, because those claims had not been the subject of a cause determination or a conciliation attempt. Id. at 1183; see EEOC v. Am. Nat'l Bank, No. 76-26-N, 1979 WL 25, *10–12 (E.D. Va. June 25, 1979) (unpublished). On appeal, the Fourth Circuit reversed. 652 F.2d at 1185. The Fourth Circuit held that the EEOC's investigation and attempted conciliation of the race-discrimination claims regarding hiring at the Suffolk branch had been adequate to put the bank on notice of the "practices under investigation and [provided] ample opportunity for conciliation

5

concerning those practices," thereby satisfying the statutory requirements. Id. In reaching this conclusion, the Fourth Circuit found it significant that the claims pertaining to the Portsmouth and Suffolk branches were against the same defendant, which had common ownership and control over both branches, and that all charges were based on the same alleged discriminatory hiring practice. Id. at 1185–86 ("There is but a single charge of race discrimination . . . . [and defendant] is a single employer with operations at multiple locations, all subject to unified supervision and control and using similar hiring practices.").[1] These factors all indicated that "[t]here was . . . no possibility for prejudicial surprise of the sort that has properly been held to preclude proof of later added charges in other situations." Id. at 1186. Additionally, the Fourth Circuit suggested that considering the Portsmouth claims during conciliation would likely have made no difference in the failure of conciliation because "whatever changes were to be instituted at the Suffolk branches would no doubt logically and necessarily have been made at the Portsmouth branches as well." Id. at 1185.

Judge Russell dissented and contended that the court's opinion conflicted with the Fourth Circuit's decision in EEOC v. General Electric. See id. at 1207–08 (Russell, J., dissenting); cf. Gen. Elec., 532 F.2d at 372–73. Judge Russell noted General Electric's statement that a determination of cause and attempt at conciliation were jurisdictional prerequisites to a section 706 action, prerequisites which were not fulfilled as to the Portsmouth branch claims. Am. Nat'l Bank, 652 F.2d at 1207. Judge Russell highlighted the EEOC's statement during its investigation that hiring data regarding the Portsmouth branch was "irrelevant," as well as the six-year delay between the EEOC

---

[1]The Fourth Circuit noted to two additional facts to suggest that relevant employees at both branches were on notice of the scope of the claims before the EEOC filed suit. First, the notice of the charge was received by company officers at both Portsmouth and Suffolk. Id. Second, the notice of the failure of conciliation was sent to the bank's attorney, who "presumably represented" all branches, including Portsmouth. Id.

6

investigation and suit, and opined that these facts belied the majority's view that the bank was on notice of potential claims relating to the Portsmouth branch. Id. at 1208. Judge Russell went on to characterize the majority opinion as endorsing an expansive and incorrect rule that allowed the EEOC to conduct administrative proceedings regarding a finite sector of a large business and then, at any future time, use those administrative proceedings as grounds to file a much broader section 706 action against the same business. Id. at 1208–09.

In Lucky Stores, Inc. v. EEOC, the Ninth Circuit characterized American National Bank as articulating a broad rule that "unified operation and control of separate [offices] is itself sufficient to permit their inclusion" in a single section 706 action. 714 F.2d 911, 913 (9th Cir. 1983). The court declined to endorse such an expansive rule, but held that administrative proceedings concerning two plants provided sufficient notice to the employer to support a claim for discrimination at an additional plant, when the additional plant was very closely related to the other two plants in terms of operations and employees. Id. ("The facilities share far more similarities and are far more related than the branches in American National Bank."). District courts from other circuits have similarly declined to adopt American National Bank's expansive rule. See, e.g., EEOC v. Dillard's, Inc., No. 08-CV-1780-IEG (PCL), 2011 WL 2784516, at *6–7 (S.D. Cal. Jul. 4, 2011) (unpublished) (concluding that the EEOC's investigation and conciliation efforts regarding a charge of disability discrimination by one employee at one of the defendant's stores was insufficient to support a nationwide class-claim); EEOC v. Outback Steak House, Inc., 520 F. Supp. 2d 1250, 1265–66 (D. Colo. 2007) (holding that pre-filing procedures related to charges of sexual discrimination filed by two Colorado employees could not support a section 706 action alleging nationwide gender-based discrimination in hiring, promotion, and training); EEOC v. Jillian's of Indianapolis, IN, Inc., 279 F. Supp. 2d 974, 982–83 (S.D. Ind. 2003) (concluding that an EEOC

7

investigation of four charges of gender-based discrimination at one of defendant's restaurants could not support a nationwide class-claim but could support a local class-claim).

As for conciliation, the Fourth Circuit held in American National Bank that Title VII did not require conciliation of the Portsmouth branch claims. See 652 F.2d at 1185–86; accord EEOC v. Rhone-Poulenc, 876 F.2d 16, 17 (3d Cir. 1989) (per curiam) (not requiring individual attempts to conciliate on behalf of each similarly situated class member under the ADEA). Similarly, a number of district courts have held that the EEOC's failure during conciliation to identify every employee for whom it will seek relief in court is not a jurisdictional bar to a claim on behalf of those unidentified persons, provided that they are similarly situated to the named employees and the employer was on notice during conciliation of the potential of a class-based claim. See, e.g., EEOC v. Cal. Psychiatric Transitions, Inc., 644 F. Supp. 2d 1249, 1273 (E.D. Cal. 2009); EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 233 (E.D.N.Y. 2007); EEOC v. Dial Corp., 156 F. Supp. 2d 926, 938–39 (N.D. Ill. 2001).

Here, the EEOC complied with the statutory prerequisites to filing a 706 action as to the four plaintiffs named in its amended complaint. In the cause determination letters issued on behalf of each complaining employee, the EEOC stated that it had determined that the "Charging Party and a class of female employees . . . . were subjected to a sexually hostile work environment in violation of Title VII." See Def.'s Mem. Supp. Mot. Sum. J., Ex. J ("EEOC Determination Letters"). Additionally, the EEOC's proposed conciliation agreement indicates that the EEOC sought to conciliate on behalf of the four charging parties as well as at least one additional class member (not Johnson) who did not file a charge. See id., Ex. I, EEOC Draft Proposal. The presence of this additional employee indicates that the EEOC maintained throughout conciliation that its claims related to the four charging parties and a class of similarly situated female employees.

8

As for Johnson, in light of American National Bank, the EEOC may bring a sexual harassment claim on her behalf, even though the EEOC did not make a cause determination concerning her claim or conciliate her claim. See Am. Nat'l Bank, 652 F.2d at 1185–86. Notably, Johnson's allegations are based upon the same actions of the same defendant at the same store, during the same relevant time period as the claims of the four charging parties, and involve the same co-worker. Moreover, as in American National Bank, it appears unlikely that including Johnson's claim in conciliation would have altered the outcome of that process, given the similarity between her claim and the claims that the parties were unable to settle. See id.

In opposition to this conclusion concerning Johnson's claim, Luihn cites three district court opinions from outside the Fourth Circuit. See, e.g., EEOC v. Cintas Corp., Nos. 04-40132, 06-12311, 2010 WL 3733978, at *3 (E.D. Mich. Sept. 20, 2010) (unpublished); EEOC v. CRST Van Expedited, Inc., No. 07-CV-95-LRR, 2009 WL 2524402, at *9 (N.D. Iowa Aug. 13, 2009) (unpublished); EEOC v. Target Corp., No. 02-C-146, 2007 WL 1461298, at *2–3 (E.D. Wis. May 16, 2007) (unpublished). Luihn then argues that the EEOC's failure to make a cause determination and attempt conciliation concerning Johnson's claim divests the court of subject-matter jurisdiction over her claim.

The court has reviewed the three cases, and they appear factually distinguishable. More importantly, to the extent that the three cases are not factually distinguishable, they conflict with binding Fourth Circuit precedent. See Am. Nat'l Bank, 652 F.2d at 1185–86. This court, of course, must follow such precedent. Thus, the court concludes that it has subject-mater jurisdiction over the EEOC's claim concerning Johnson and over this action.

As for Luihn's motion for summary judgment on the merits, this court is very familiar with the governing standard under Rule 56 and Title VII. See, e.g., EEOC v. Xerxes Corp., 639 F.3d 658,

9

668–71 (4th Cir. 2011); Hoyle v. Freightliner, LLC, No. 09-2024, 2011 WL 1206658, at *6–11 (4th Cir. Apr. 1, 2011); Mosby-Grant v. City of Hagerstown, 630 F.3d 326, 333–36 (4th Cir. 2010); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 313–20 (4th Cir. 2008). In light of the record, genuine issues of material fact exist with respect to all five women. Thus, Luihn's motion for summary judgment is denied.

### III.

As explained above, this court has subject-matter jurisdiction over this case, including the EEOC's claim on behalf of Pamela Johnson. Moreover, genuine issues of material fact exist on the merits. Accordingly, Luihn's motion for summary judgment [D.E. 33] is DENIED. The parties SHALL complete mediation not later than November 30, 2011.

SO ORDERED. This 20 day of September 2011.

JAMES C. DEVER III
United States District Judge